BWW#:VA-127285

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

IN RE:                                                                 Case No. 16-61986-RBC
THOMAS ZUTAUT
     Debtor                                                         Chapter 13

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE ON BEHALF OF AND WITH
RESPECT TO AJAX MORTGAGE LOAN TRUST 2013-B,
MORTGAGE BACKED NOTES, SERIES 2013-B
C/O GREGORY FUNDING LLC
     Movant
v.
THOMAS ZUTAUT
     Debtor/Respondent
and
HERBERT L. BESKIN
     Trustee/Respondent

## MOTION FOR RELIEF FROM AUTOMATIC STAY

     U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2013-B, Mortgage backed notes, Series 2013-B c/o Gregory Funding LLC ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, with respect to certain real property of the Debtor having an address of 4259 South Boston Road, Troy, VA 22974 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

     1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157.

     2.     A petition under Chapter 13 of the United States Bankruptcy Code (the "Petition") was filed with respect to the Debtor on September 30, 2016.

     3.     The Debtor has executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $350,000.00 (the "Note"). A copy of the Note is attached hereto. Movant is an entity entitled to enforce the Note.

_____
Andrew Todd Rich, VSB# 74296
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463(Phone)
*Attorney for the Movant*

4.  Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Fluvanna County, Virginia.  A copy of the recorded Deed of Trust is attached hereto.

5.  The legal description of the Property is:

ALL THAT CERTAIN TRACT OR PARCEL OF LAND SITUATED IN THE PALMYRA DISTRICT OF FLUVANNA COUNTY, VIRGINIA, ON THE SOUTH SIDE OF STATE ROUTES 616 AND 600, SHOWN AS CONTAINING 128.7355 ACRES, MORE OR LESS, ON PLAT OF ROBERT L. LUM, C.L.S., DATED JULY 26, 1990, RECORDED IN THE CLERK`S OFFICE OF THE CIRCUIT COURT OF FLUVANNA COUNTY, VIRGINIA, IN PLAT BOOK 1, PAGE 79.

6.  Gregory Funding LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtain(s) a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of the U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2013-B, Mortgage backed notes, Series 2013-B.

7.  As of November 16, 2016, the outstanding amount of the Obligations due to the Movant, less any partial payments or suspense balance is:

| | |
|---|---:|
| Unpaid Principal Balance | $334,848.95 |
| Unpaid Accrued Interest | $125,631.14 |
| Uncollected Late Charges | $8,533.72 |
| Mortgage Insurance Premiums | $0.00 |
| Taxes and Insurance Payments on behalf of Debtor | $73,954.07 |
| Other Costs | $5,895.47 |
| Less:  Partial Payments | $-2,493.06 |
| Minimum Outstanding Obligations | $546,370.29 |

8.  The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor as of November 16, 2016:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 2 | 10/01/2016 | 11/01/2016 | $4,981.31 | $9,962.62 |
| Late Fee Balance Due: | | | | $323.08 |
| | Less post-petition partial payments (suspense balance): | | | $0.00 |

**Total Postpetition Payments:     $10,285.70**

9. As of November 16, 2016, the total post-petition arrearage/delinquency is $11,135.70 consisting of (i) the foregoing total of missed post-petition payments and late fees in the amount of $10,285.70 plus (ii) the following post-petition fees:

| Description | Amount |
|---|---|
| Attorney's fee | $850.00 |

10. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $176.00 in costs, bringing the total post-petition default to $12,161.70.

11. Pursuant to Section 362(c)(3)(A), the automatic stay terminated as to the Debtor on or about the 30th day after the filing of the Petition, and the Movant is prevented from enforcing its state law rights due to the stay remaining in effect as to the bankruptcy estate. Aside from the debtor curing the arrearage, and reorganizing under a Chapter 13 plan, the bankruptcy estate has no interest in the Property.

12. Movant has been continually and irreparably harmed by the Debtor's repeated filing of bankruptcy petitions in this court, and the Debtor has made no good faith effort to reorganize consistent with the spirit and purpose of Chapter 13.

13. Movant has advanced funds for escrow disbursements to pay real estate taxes and hazard insurance the amount of $73,954.07, which amounts can only be reimbursed by Movant enforcing its rights under the Note and Deed of Trust.

14. The Debtor has, *again*, filed a plan proposing to sell the Property to pay off all liens in full. Sale of the Property and satisfaction of the Movant's lien can be accomplished as effectively outside of bankruptcy as within it, and continuation of the automatic stay as to the bankruptcy estate would serve no purpose consistent with the designs of Chapter 13.

15. Considering the totality of the circumstances, including the lack of any progress in selling the Property, repeated Chapter 13 filings that serve only to delay and frustrate creditors, the failure to propose a good faith Chapter 13 plan, or to reorganize in a manner consistent with the purposes of Chapter 13, the instant case should be deemed an abusive filing. Under Section 105(a), the Court can issue an order that future bankruptcy petitions will not act as a stay of action as it pertains to the Property.

16. Cause exists for relief from the automatic stay for the following reasons:

a. Movant's interest in the Property is not adequately protected. The Debtor has failed to make required post-petition payments.

b. Pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization. The Debtor has repeatedly demonstrated bad faith with respect to the obligations of the Note and Deed of Trust, and the instant Chapter 13 petition (and the Debtor's prior Chapter 13 petition) was filed solely to prevent a sale of the Property. The protection provided to the Debtor by this Court is an abuse of the purposes of Title 11, Chapter 13.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. Enter an order providing that upon the filing of any subsequent petition, filed under any chapter of Title 11 for a period of one year, the automatic stay of 11 U.S.C. §362(a) will not stay any action as it relates to the Property.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Dated: November 16, 2016    Respectfully Submitted,
BWW Law Group, LLC

/s/ Andrew Todd Rich
Andrew Todd Rich VSB# 74296
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
Attorney for the Movant

## **CERTIFICATE OF SERVICE**

      I certify that on this 16th day of November, 2016, the following person(s) were or will be served with a copy of the foregoing Motion for Relief from Automatic Stay electronically via the CM/ECF system or by first class mail, postage prepaid:

Herbert L. Beskin, Trustee
P.O. Box 2103
Charlottesville, VA 22902

William T. Harville, Esq.
327 W. Main St., #3
Charlottesville, VA 22903

Thomas Zutaut
4259 South Boston Road
Troy, VA 22974

    /s/ Andrew Todd Rich
    Andrew Todd Rich